The United States Court of Appeals for the Ninth Circuit is now in session. Judge Rawlinson can you hear us? We can hear you fine. Welcome everyone to the Ninth Circuit. We're going to hear the cases in the order that they're on the calendar this morning, but a number of the cases have been submitted on the briefs and I'll just run through them quickly. United States v. Carter, Marquez Munoz v. Garland, United States v. Brinson, United States v. Khadem, and Licona Anaya v. Garland. The first argued case this morning will be United States v. Gutierrez and Ms. Ferrand, I believe you're up first. Good morning your honors and may it please the court. My name is Margaret Ferrand. I'm from the Federal Public Defender's Office, appearing today on behalf of the defendant and appellant Juan Manuel Gutierrez. I would like to reserve two minutes for rebuttal please and I will be sure to watch the clock. The government failed to meet its burden to show reasonable suspicion to support the officer's stop of Gutierrez. This court should therefore reverse the District Court's denial of Gutierrez's motion to suppress and remand to the District Court for further proceedings. Let me ask you to address a related topic. Let's assume that we agree that there wasn't reasonable suspicion to stop Mr. Gutierrez when the officers entered the alley and turned on the lights. Could you address whether or not any taint from that was dissipated by what occurred thereafter, particularly since they were legally in the alley, they were entitled to be there, they were entitled to see whatever they saw and learn whatever they learned? Your honor, I'd like to address. I'm glad you brought that up. The government is making these arguments which are improper because they weren't raised below but regarding taint and an inevitable discovery which were really fact-intensive but on its face they don't make any sense because what happened here is the officers saw Mr. Gutierrez, activated lights and sirens, stopped them and got confessions. The interview... Something happened, see that's please address this. Something happened between the time that they did that and got confessions. They saw on the ground these mortars. They questioned JR who said they're not mine and so they had at that point hadn't they developed something whether it's reasonable suspicion or a probable cause to think that your client was in possession of illegal fireworks? Your honor, the fact that there were mortars sitting on the ground two car lengths away by a wall where multiple people had been leaving things over a period of time by a memorial did not create the suspicion that caused them to search his truck. When the officer... I'm sorry to jump in again but that's not quite the question. The question is that so we have a bad stop to begin with. I agree with you. Let's say I agree with you on that. What could overcome that? So you're saying that that something could overcome it just the facts of this case don't allow it or just nothing can overcome it? The government raises various different legal arguments it never raised below. I'll just address them one by one I think. First of all is this idea under Rodriguez that you can prolong a stop. You get you have a but that depends on a good stop. You have to have a good stop. In Rodriguez and all the other cases the stop was lawful at its inception. Is your answer to Judge Owens's question that nothing can save this no matter what happened thereafter it doesn't matter? Nothing can save this stop on the no wait no I'm just no just stop for a second okay well you'll get plenty of time to the question is could something save a stop that began this way and ended in a search forget the facts of this case for a moment. If there was something else that had happened that were linked to the discovery of the evidence sought to be suppressed in Baker this court said that okay the intervening fact has to be linked to it and that has to be shown by the I'm sorry your honor but it has to be shown by the government okay okay so that's why we have evidence here hearings which none of which happened here but but we've what we've all watched the video so assuming that something can justify the eventual search even after an illegal stop tell me why the facts in this case don't. Okay for something intervening to justify it it has to be disconnected from the ultimate discovery of the evidence and first of all Mr. Gutierrez needs to have an opportunity to question the officers about that and what led to the discovery of the gun in his car in the search of his car was not the fact that there were mortars standing next to the wall or that they were or that there were open containers it was that right after having the lights and the sirens and the bad stop executed on him with the lights and the sirens he then said of J.R. immediately said okay I have fireworks in my backpack and then and then Gutierrez said oh there's my fireworks over there but for that which came from them having been initially stopped with the lights and the sirens there would have been no basis to search the car because the officers didn't rely on the simple fact that there were mortars or or open containers next to the wall those were not those were not sufficiently connected nor did any officer ever say they were it was only after Gutierrez said oh I have some other fireworks over there that he then handcuffed him and said now we have cause to search your car and that cannot be unlinked that is that is linked to the initial stop. Let me change let me change the facts for you for a exactly the same way and there's a body lying next to the wall and Mr. Gutierrez says something related to the body that's incriminating. Okay. No I know those are not the facts of this case you don't have to tell me that. Would that be sufficient to develop either reasonable suspicion or probable cause? What would Mr. Gutierrez say with regard to the body? He said the same thing I got another body over there just okay just just the way just the way he said I got another set of fireworks over there. I think if he said I have another body over there I you know I think I think we're in a pretty different landscape from here but I well it's contraband they see the contraband and he says I got another one over there so I'm trying to figure out what the difference is other than the fact that the second crime is much more serious. So we're really engaging in a lot of speculation as to how this stop would have gone down but for the initial the facts that the government put in the record which were I saw him lights and your hands on the car chasing the other guy down the alley that is yes that prompted them to say oh these are my you know these are my mortars oh I have fireworks in my backpack. Would they have done that but for all this? I sure don't know and the inevitable discovery doctrine puts the burden on the government to show through non-speculative evidence that this would have transpired. We're not talking about inevitable discovery here what I'm talking about is whether or not the taint from the initial stop requires us to throw out the fruits of the search yes that's that's a different that's a different issue than inevitable discovery. It does your honor the taint debt well first of all the taint argument wasn't raised below so but even assuming you could overcome that it does require it because in Baker this well they won they won below so I'm not sure we can hold them responsible for not making several other arguments that might have won. Well I think they I think that this taint is a factually intensive question undoubtedly because it looks at the time lapse then the the factual nexus or intervening the factual nexus has to be developed here there was a very complex series of events that happened here that were all triggered by what we have we have the video yes we have the statements your client made we have the statement two videos two videos the statements the officers made what other facts would be useful in determining whether or not the taint was dissipated yeah how about why did you search the car you know what what he said the officer said hey and he said sort of apologetically look if you hadn't admitted to having the his personal motives for searching the car don't matter because that's Wren he said gee bro if you hadn't admitted about the fireworks I wouldn't be able to search your car but you said you had the fireworks and now I'm searching the car pursuant to you know pursuant to the car exception so his his ostensible motive is right on the record but why did he why did he admit to having the fireworks because he just been stopped and in a very aggressive way what what let's imagine let's reimagine the scenario that there's no lights no no sirens the officers just continue going down the alley and don't don't do anything until they happen to look over and they see the items that were by the is JR they're just talking and the officers go talk to them would they have confessed I sure don't know and we really I think would be highly inappropriate for this court on appeal to then make that factual determination that yes this is this you know the confessions are something that happened independently and and that this whole sequence of events was not triggered by this initial aggressive stop that happened wanted to save a couple of not telling you to stop I just wonder okay yeah but I think that's kind of the key point here is that this is a factual inquiry and in Baker this court said there needs the the intervening the intervening event has to be sort of the cause of the discovery but in that case the intervening event was totally disconnected from what had happened prior to it here there's just there's sort of an unbroken chain of events and the confession resulted immediately after the stop and I think there's a lot of evidence to indicate that it was caused by the stop itself what a person will do after having been stopped with lights and sirens and had their hands put on a hood is not the same thing as what that person would have done if they're just having an a consensual encounter I certainly don't think we can suit can assume that it is and and certainly I think mr. Gutierrez should at minimum have the opportunity to to make his case before the district court on those issues I'm so yes I would thank you okay thank you your honor good morning may it please the court Jenna McCabe on behalf of the United States in this case the district court did find that the and that the individuals were standing in the middle of the alleyway before the officers seized the defendant and ordered him to put his hands on the hood of the car then they started questioning him and he admitted that the fireworks were his and that the car was his and that gave the officers probable cause to search the car and then they found the machine gun that he is charged with what this is not an issue raised precisely raised in this case but what's smacks of pretext they have no reason to think there's any violation of the motor vehicle code they go in there I think with the intention to detain whoever is there and see if they can develop some probable cause or reasonable suspicion to to detain them why should we why should we allow a search under those circumstances to to be validated your honor I think it's important in this case that the officers had seen the fireworks as well well not when they turned on the lights and went into the alley correct agreed and you seem to concede in your briefing or at least not contest that the detention began when the sirens and the lights went on and there was no reasonable suspicion at that point to think that anybody had committed a crime your honor I the government's position is that the seizure happened at the officer Kim got out of the car and ordered the defendant to put his hands on the hood of the car that's actually what the district court found at er 26 where the district court went through all the facts that had happened up until that point and then said the officer Kim detained the defendant in front of SUV after officer Kim had seen the open alcohol containers in the fireworks after they had turned on their lights and sirens but all of that preceded the case so at that point the defendant was not seized and so the stop was valid but also to the courts point about the taint those fireworks and open containers of alcohol were in plain view the officers would have seen it regardless of whether or not they turned on their sirens it wasn't something where the sirens themselves caused the defendant to do anything that then gave the officers reasonable suspicion so can you can you address again the sequence of events I must admit having watched both videos and is it clear that the officers see the fireworks because I'll put aside the open container for a moment I'm not is it clear that the officers see the fireworks not the fireworks in jr's backpack but the fireworks on the ground before they detain mr. Gutierrez yes your honor so as the court is aware there's not dash camera footage in this so what we're dealing with is the angle of the body camera and particularly with officer Kim's body camera you can see that the police car starts to see beyond the wall which is then where the memorial is where the fireworks are where the open containers of alcohol are and that's at in the upper right hand corner of the body cam 14401 then at 14405 is when officer Kim begins to exit the car and then at 144 21 once officer Kim's body cam is better positioned for anyone viewing it to be able to see you can see those red pack the red package although I know I can see them on the body cam that's not what I'm asking what did the officers testify the officers in their declarations both stated that before they got out of the car they saw those fireworks and the those things were seen and in fact the defense does not dispute that those were seen before the officers got out of the car it's just that the body camera angle doesn't show it because the door and the dash are covering that body camera so once they had seen those items even setting aside the discussion about the vehicle code violation the officers had reasonable suspicion to detain and additional things that they had seen and at that point is when the defendant admits that minor came to sell me some fireworks and then also said I got another one right here I got another fireworks right here so those admissions and then the quick admission later when officer Kim asked him whose truck it was the defendant admits that that's his truck and those admissions together gave the officers probable cause to search the truck for more speaking with him and so under the automobile exception this court should uphold the district court's findings that officers had probable cause to search the car and find the machine gun that they found and unless the court has any additional I guess one other question I take it no second amendment defense was preserved in this case that's correct your honor and unless the court has any additional questions the government would ask that this court affirm the district court's decision make sure it judge Rawlinson doesn't have any before you sit down thank you we put a minute on the clock so we just so she doesn't have to rush thank you your honor the government actually never addresses when the moment at which the seizure occurred and I think that it's not correct it's not accurate to say that the district court made a determination that the seizure occurred after they saw the mortars and the fireworks I think that's not an accurate representation of what the district court said at er 26 the district court actually never explicitly made a determination of the moment at which the seizure occurred but under hodari D it's clear as a matter of law and the undisputed facts that it happens when lights and sirens are activated and the subject does not flee it's undisputed here that that occurred well before the officers cleared the section of the wall that showed the mortars in the and the open container so I just don't think that the government is it and and notably this was brought up hodari D was cited in the opening brief and the government didn't even address it at all and it's briefing so I just I don't see how the government can now come in and say that the seizure post you know post dated the seeing these items that were only came into view much later but the other point I want to make to your honors is that in Baker this court talked about the attenuation doctrine the question is whether the illegal illegal activity tends to significantly direct the investigation to the evidence in question here it did this set the whole tone of what happened thereafter there was a stop that put Gutierrez and JR into a custodial situation then they confessed to owning these items that were strewn around then the car was searched and I just think that attenuation is simply not available on these facts and at the very minimum certainly this court shouldn't reach out to make these very fact-intensive determinations without at least giving mr. Gutierrez an opportunity to make his case for that and and present evidence and question the officers below and I understand it's not a question of their subjective intent but what would they have done okay I appreciate that so thank you thank you and we thank both counsel for their arguments and briefing in this case and it'll be submitted thank you
judges: RAWLINSON, HURWITZ, OWENS